UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAROLINA PUENTE,                                                         COMPLAINT

                     Plaintiff,
                                                                            Docket No.:

       -against-

                                                                           Jury Trial Demanded

BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING SCHOLARSHIP AND SAFETY FUND,

                    Defendant.
-----------------------------------------------------------------X

      CAROLINA PUENTE ("Plaintiff"), by and through her attorneys, MORRISON LAW FIRM, P.C., as and for her Complaint against BUILDING SERVICE 32BJ, THOMAS SHORTMAN TRAINING SCHOLARSHIP AND SAFETY FUND, (the "Fund" or "Defendant"), alleges upon knowledge as to herself and her own action and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that the Defendant committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. §207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL §160, New York Codes R. & Regs. ("NYCRR") tit. 12, §142-2.2; (iii) the NYLL's requirement that employer furnish employees with a wage notice containing specific categories of accurate information, NYLL §195(1); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a multi-employer labor management training fund as a QA Specialist for approximately the past five years. As described below, Defendant willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL.

Specifically, for the majority of her employment, the Defendant routinely required Plaintiff to work in excess of forty hours in a workweek, but failed to compensate her at the statutorily-required overtime rate for any hours that she worked in excess of forty.

3.      Additionally, Defendant failed to provide Plaintiff with spread of hours pay on days when she worked in excess of ten hours, and failed to provide an accurate wage notice at the time of her hire, as the NYLL requires.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as this action arises under 29 U.S.C. §201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all claims arising under New York law.

5.      Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(1), as Defendant's administrative offices and principal place of business are within this judicial district. Additionally, the claims accrued in this judicial district.

## PARTIES

6.      At all relevant times herein, Plaintiff worked for Defendant in New York City and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

7.      At all relevant times herein, Defendant was and is a jointly administered, multi-employer, labor management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)). Defendant has its principal administrative office located at 101 Avenue of the Americas, New York, New York 10013.

8.      At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business

exceeded and exceeds $500,000, as Defendant is engaged in interstate commerce within the meaning of the FLSA, as it provides training and scholarships of a nationwide reach, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

9. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. §216(b).

10. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff at an amount equal to the rate of one and one-half times her respective regular rates of pay, for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so.

11. Thus, Plaintiff is a victim of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

12. On or about February 3, 2020, the parties entered into an Agreement whereby they agreed that any statutes of limitations related to this matter were tolled for sixty days. On or about April 3, 2020, the parties extended that Agreement another sixty days. Additionally, on March 20, 2020, by Executive Order 202.8 of New York State Governor Andrew Cuomo extended statutes of limitations for claims under New York State Law. On May 7, 2020, by Executive Order 202.28 Governor Cuomo extended the state law statutes of limitations a second time to June 7, 2020.

## BACKGROUND FACTS

13. Defendant is a New York-based multi-employer benefit plan with nationwide reach and impact.

14. On or about July 14, 2003, Defendant hired Plaintiff as an Office Manager. In 2007, she was demoted to the title of Operations Assistant. In or about 2015, her title was changed to QA Specialist.

15. Since about 2012, her duties related to quality assurance. She did not manage or supervise any staff in the last six years. She does not have the authority to hire and fire employees.

16. Throughout her employment, Defendant required Plaintiff to work five days a week, each Friday, almost every Friday, with the knowledge and consent of Defendant, she worked an additional five hours. The then-Night Manager, Fred Perry, requested that she assist him on Friday nights for a few hours as members attended classes at Defendant's facilities. Defendant required Plaintiff to work overtime on occasion on special or emergency projects and failed to pay her for these extra hours. By approximation, throughout her employment, Defendant required Plaintiff to work, and Plaintiff did routinely work, more than forty hours per week. During the past six years, Plaintiff has averaged overtime in the amount of more than two hundred hours per year.

17. For each workweek that Plaintiff worked, Defendant failed to pay Plaintiff a wage that had any relation to her hours whatsoever, and instead paid Plaintiff for a forty-hour week, which it called a "salary". Defendant erroneously claimed Plaintiff was exempt from overtime laws.

18. For almost the entirety of Plaintiff's employment, Defendant failed to pay Plaintiff for any hours that Plaintiff worked over forty at the applicable rate of time and one-half her straight-time rate.

19. Additionally, Defendant intentionally did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

20. Defendant acted in the manner described herein so as to maximize its profitability while minimizing its labor costs and overhead.

21. Each hour that Plaintiff worked was solely for Defendant's benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. 29 U.S.C. §206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

24. As described above, Defendant is an employer within the meaning of the FLSA and Plaintiff is an employee within the meaning of the FLSA.

25. Plaintiff worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

26. Defendant willfully violated the FLSA.

27. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rate of pay.

28. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT

*Unpaid Overtime Under the NYLL and the NYCRR*

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. NYLL §160 and 12 NYCRR §142-2.2 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, for any hours worked exceeding forty in a workweek.

31. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, and Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

32. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate her in accordance with the NYLL's and the NYCRR's overtime provision.

33. Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rates of pay.

34. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

35. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL §195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

37. Defendant is an employer within the meaning of the NYLL, and Plaintiff is an employee within the meaning of the NYLL.

38. As described above, the Defendant failed to furnish Plaintiff with accurate wage notices at hire containing all of the criteria required under the NYLL.

39. Pursuant to NYLL §198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Retaliation for Assertion of Rights Under FLSA*

40. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. Since Plaintiff has formally made her unpaid overtime claims to the Defendant, she has been insulted, belittled and harassed about her entitlement to this compensation by her supervisor, Alex Becerra. In retaliation for her assertion of her right to overtime under state and federal labor laws, Becerra has unreasonably and arbitrarily increased his oversight and supervision of Plaintiff.

42. FLSA states that employers who perform acts of retaliation against an employee "shall be liable for legal or equitable relief as may be appropriate to effectuate" the purposes of FLSA. Under FLSA, employees may obtain legal relief as appropriate. 29 U.S.C. §§215(a)(3), 216.

43. Becerra's harassment of her and Defendant's condonement of it has caused her severe emotional stress.

44. Under FLSA, she is entitled to damages including compensatory, emotional, physical and punitive damages along her reasonable attorneys' fees.

**DEMAND FOR A JURY TRIAL**

45. Pursuant to FRCP 38(b), Plaintiff demands a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws and regulations;

b. Preliminary and permanent injunctions against Defendant and its trustees, union trustees, officers, owners, agents, successor, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. All compensatory damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff should have received but for the Defendant's unlawful payment practices;

d. Compensatory and punitive damages for the emotional distress she has suffered because of Defendant's retaliatory acts against her;

e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

f. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

g. Pre-judgment and post-judgment interest, as provided by law; and

    h.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  White Plains, New York
          June 4, 2020

                                        Respectfully submitted,

                                        MORRISON LAW FIRM, P.C.
                                        Attorneys for Plaintiff
                                        445 Hamilton Avenue, Suite 402
                                        White Plains, New York 10601
                                        (914) 239-3650
                                        ssledzik@morrisonlawfirmpc.com

                                        By:__/s/Steven T. Sledzik_____
                                        STEVEN T. SLEDZIK