## SETTLEMENT OF FLSA ACTION AND RELEASE

This Settlement of FLSA Action and Release ("Agreement") is made and entered into as of the 16th day of March, 2021.

### The Parties

1.  The parties to this Agreement are the following:

> (a)  Building Service 32B-J Thomas Shortman Training Fund d/b/a Building Service 32BJ Benefit Funds ("Funds"); and
>
> (b)  Carolina Puente ("Ms. Puente" or "Plaintiff"; together with the Funds, "Parties").

### Recitals

2.      Whereas, on or about June 4, 2020, Ms. Puente filed suit in the District Court for the Southern District of New York alleging, *inter alia*, unpaid wage claims against Funds, which suit was styled <u>Carolina Puente v. Building Service 32BJ Thomas Shortman Training Scholarship and Safety Fund</u> (S.D.N.Y. 1:20-cv-04269) (the "Litigation");

3.      Whereas, in the Litigation, Ms. Puente has asserted, *inter alia*, that Funds failed to pay her straight time and overtime compensation required to be paid by the Fair Labor Standards Act ("FLSA) and/or New York Labor Law ("NYLL");

4.      Whereas, the parties have agreed to compromise their disputes, solely for the purpose of avoiding the expense, uncertainty, and delay of litigation; and

5.      Whereas, all parties expressly agree that the disposition as set forth herein is not, and shall not be construed to be, any admission of the allegations made in the action herein, or of the guilt, or liability of any party hereto.

### Terms of Settlement

6.      <u>Payment to Ms. Puente.</u> The Funds will deliver to Plaintiff's Counsel the sum of forty-five thousand dollars ($45,000) ("Settlement Amount") by means of checks made payable as set forth below, within twenty-one (21) days of the Court's approval of this Agreement and receipt by Funds' Counsel Adam Bellotti of an IRS Form W-9 executed by Plaintiff's Counsel. The Parties agree that the Settlement Amount is intended to compensate Ms. Puente for alleged unpaid wages and shall be treated as 2021 wage income and included on Plaintiff's 2021 IRS Form W-2.

The Funds shall deliver the following settlement checks to Plaintiff's Counsel, Steven Sledzik, MORRISON LAW FIRM, P.C., 445 Hamilton Ave., Suite 402, White Plains, NY 10601:

(a) One check made payable to "Carolina Puente" in the amount of Thirty Thousand Dollars ($30,000.00) (less any required withholdings and deductions) for alleged unpaid wages; and

(b) One check made payable to "The Morrison Law Firm, P.C." in the amount of fifteen thousand dollars ($15,000.00) for Plaintiff's attorneys' fees and costs. The Funds will issue to Plaintiff's Counsel an IRS Form 1099 in connection with this payment no later than February 28, 2022.

7.      <u>Dismissal of the Lawsuit.</u>  Defendant's counsel may file a fully executed Stipulation of Dismissal (attached as Exhibit A to this Agreement) with the Court after the Court has approved this Settlement of FLSA Action and after The Funds have delivered the Settlement Amount and to Plaintiff's counsel and the funds have cleared.

8.      <u>Release of Claims.</u> For this good and valuable consideration described herein, Plaintiff, on behalf of herself and her agents, predecessors, successors, and assigns, does hereby fully release, acquit and forever discharge the Funds and its insurers, predecessors, successors and assigns, including the present and former officers, directors, employees, agents, and representatives of each of them, from any debts, demands, liabilities, grievances, causes of action, suits and claims of any kind whatsoever, known or unknown, without limitation, and whether or not heretofore asserted, that any of them has or may have, or that have been or might have been, asserted against any of them, that are based on a claim for unpaid wages or wage equivalents (including without limitation unpaid straight-time wages, unpaid overtime, and any other form of wages), whether that claim arises under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), contract, or tort. In granting this Release, Plaintiff agrees and acknowledges that she has no other pending claims against the Funds.

9.      <u>Other proceedings.</u> Nothing in this Agreement shall be construed to prohibit Plaintiff from filing a charge with, providing truthful information to, or participating in any investigation or proceeding conducted by any government agencies.

10.      <u>Authorship</u>. This Agreement is the work product of both Parties, and, therefore, in interpreting and applying the Agreement, no presumption shall arise against the drafter of the Agreement.

<u>11.</u>      <u>Authority</u>.  In the signing that Agreement on behalf of the Funds, its Representative warrants and affirms that he has full authority to enter into this Agreement on its behalf.

12.      <u>Multiple Counterparts.</u>  This Agreement may be executed in multiple counterparts. Any executed copy of this Agreement and the attached Stipulation of Dismissal shall be deemed an original and shall have the full force and effect of an original.

13.      <u>Non-Precedential.</u> This Agreement is non-precedential in that it does not set the precedent for any potential future claims made by other claimants.

14.      <u>Resolution of Disputes</u>. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws

provision. In the event of a breach of any provision of this Agreement, the party seeking to enforce the agreement may choose either to (i) institute an action in a New York court of competent jurisdiction to enforce any term or terms of this Agreement and/or to seek any damages for breach of this Agreement; or (ii) submit the dispute for binding arbitration before a mutually-selected arbitrator, in which case the costs of the arbitration shall be split evenly and all other expenses shall be borne by the party incurring them, except: (a) that if the Funds is the party invoking Arbitration, it shall be the party solely responsible for the costs of the arbitration; and/or (b) that the arbitrator may assess fees and costs against the breaching party. If option (ii) is selected and the parties cannot agree on an arbitrator, the party seeking enforcement shall request appointment of an arbitrator by the American Arbitration Association (AAA), using the AAA procedures.

15.     <u>Court Approval</u>. This Agreement is expressly contingent upon the Court's approval. Should the Court fail or refuse to approve the Agreement, this Agreement shall be deemed null and void for all purposes, and each party shall be relieved of all obligations contained herein. The Parties shall file an executed Stipulation of Dismissal, attached hereto as Exhibit A, along with the request for settlement approval.

16.     Plaintiff, by her signature below, represents that she has read this Agreement in its entirety, she has reviewed this Agreement carefully with her attorney prior to signing it, she has had sufficient time to think about this Agreement, she fully understands its terms, she is signing it freely and voluntarily, and she agrees to all of its terms.

Carolina Puente
Plaintiff

DATED: March 16, 2021

Peter Goldberger
Executive Director, Building Service 32BJ Funds

DATED: March 17, 2021

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

CAROLINA PUENTE

        Plaintiff,

vs.

BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING SCHOLARSHIP
AND SAFETY FUND,

        Defendant.

No. 20-cv-4269

## STIPULATION OF DISMISSAL

It is hereby STIPULATED AND AGREED, by and between the undersigned Parties, through their respective counsel, that the above Action is hereby dismissed with prejudice, without fees or costs to either party. The Court shall retain jurisdiction over the settlement for purposes of enforcing the provisions thereof.

SO STIPULATED, as of the ___ day of March, 2021:

_____
Steven T. Slezdik
MORRISON LAW FIRM, P.C.
445 Hamilton Avenue, Suite 402
White Plains, New York 10601
(914) 239-3650
ssledzik@morrisonlawfirmpc.com

Attorney for Plaintiff

_____
Kathleen Keller* (kekeller@bredhoff.com)
Adam Bellotti* (abellotti@bredhoff.com)
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth St., N.W., Suite 1000
Washington, D.C. 20005-2207
202-842-2600

Attorneys for Defendant
* Admitted *pro hac vice*

SO ORDERED:

_____
Vernon S. Broderick, U.S.D.J.